# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eberth Antonio Baca Montano, | No. CV-26-00774-PHX-DJH (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| David R Rivas, et al., | |
| Respondents. | |

Petitioner filed this action under § 2241 challenging his immigration detention. (Doc. 1.) Petitioner alleged he was released from immigration detention in December 2022 on an Order of Release on Recognizance. (*Id.* ¶ 17.) The Court issued an Order to Show Cause why the § 2241 Petition should not be granted.[1] Upon review of the briefing, the Court will grant the Petition and direct Petitioner's immediate release from custody.[2]

## I. Background

Respondents' response says Petitioner entered the United States without inspection on December 5, 2022. He was apprehended, issued a Notice to Appear and released into the United States on his own recognizance. Petitioner was rearrested on October 7, 2025, and is being held in immigration custody.

---

[1] Although the Court's Order directing Respondents to answer the Petition instructed them to support their response with documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein, Respondents submitted no documentary evidence.

[2] Petitioner also filed a Motion for Temporary Restraining Order. (Doc. 8.) Because the Court grants the Petition, the Motion for Temporary Restraining Order will be denied as moot.

## II.    Discussion

Respondents say "[a]lthough it is unclear what authority immigration officials identified to justify Petitioner's initial release, it must have been 8 U.S.C. § 1182(d)(5)." (Doc. 7 at 2 n. 2.)  But Respondents do not provide Petitioner's Notice to Appear or provide any evidence to support their assumption that Petitioner's removal proceedings were initiated under 8 U.S.C. § 1225.  Nor do Respondents address whether Petitioner's release on his own recognizance created a liberty interest in his release.

The Court notes the body of authority holding that individuals like Petitioner who were released from immigration detention on an order of recognizance are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process.  *See*, *e.g.*, *Tinoco v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3567862, at *2, *5-7 (E.D. Cal. Dec. 14, 2025) (granting petitioner's temporary restraining order for immediate release from custody where petitioner was released on an order of release on recognizance, re-detained three years later, and was not given a bond hearing); *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182-84 (D. Haw. 2025) (same); *Aguirre Solis v. Noem*, 2:26-cv-00053-RFB-EJY, 2026 WL 396432, at *2, *5 (D. Nev. Feb. 12, 2026) (concluding petitioner's re-detention after release on recognizance without a hearing and opportunity for release was unlawful under the INA and the Due Process Clause of the Fifth Amendment and ordering his immediate release from detention).

Respondents do not address the three-pronged test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) which explains "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative

burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

The first factor, being free from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, (2004) (directing courts, when assessing the first *Mathews* factor, to consider only the petitioner's interests at stake in ongoing detention without consideration of the respondents' justifications for the detention). An individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects"). *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The first *Mathews* factor favors Petitioner.

As to the second factor, "the risk of an erroneous deprivation [of liberty] is high" where, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *Dushyant v. Albarran*, No. 1:26-cv-00502-JLT-SKO (HC), 2026 WL 682887, at *4 (E.D. Cal. Mar. 11, 2026) (citation omitted). "Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." *Id.* (citing *Zadvydas*, 533 U.S. at 690; *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023)). No neutral arbiter has determined whether the facts show that Petitioner is a flight risk or danger to the community. "Given the absence of any procedural safeguards to determine if his detention was justified, 'the probable value of additional procedural safeguards, i.e., a bond hearing, is high.'" *Id.* (citation omitted). The Court concludes there is a risk of erroneous deprivation if no facts are provided to justify the re-detention of individuals without a neutral decisionmaker first evaluating whether re-detention is warranted. The second *Mathews* factor weighs in favor of Petitioner.

Finally, as to the third *Mathews* factor, "[i]f the government wishes to re-arrest [a petitioner] at any point, it has the power to take steps toward doing so; but its interest in

doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Further, detention hearings in immigration courts are commonplace and impose a "minimal cost." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). And Respondents' interest here is even lower because Petitioner was previously released on parole after immigration officials necessarily determined he was not a flight risk or danger to the community, and there is no indication Petitioner violated any condition of his parole. *See Pinchi v. Noem*, No. 25cv05632-RMI, 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025); *see also Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained."); *Telenchana v. Hermosillo*, 2:26-cv-00363-GJL, 2026 WL 696806, at *9 (W.D. Wash. Mar. 12, 2026) (concluding that re-detention of petitioners who had been released on their own recognizance violated due process under the *Mathews* framework because petitioners had "established liberty interests," "the absence of pre-deprivation procedures in their re-detentions created an unacceptably high risk of erroneous deprivations, and "the governmental interest in their re-detention without adequate process [was] minimal or non-existent").

The Court finds that the *Mathews* factors weigh in favor of determining Petitioner was entitled to a hearing before he was re-detained. The Court finds that immediate release, rather than requiring a bond hearing, is the appropriate remedy. *See Ruiz v. Noem*, No. 3:25-CV-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025) ("[G]iven Respondents' 'weighty' interest in the 'efficient administration of the immigration laws,' *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), it does not make sense to require Respondents to set a new bond hearing before a potentially new immigration judge just to duplicate the same efforts taken at the [previous] hearing."); *Ramirez Tesara v. Wamsley*, No. C25-1723-KKE-TLF, 2025 WL 3288295, at *6 (W.D. Wash. Nov. 25, 2025) (directing immigration detainee's immediate release after he was re-detained following his parole's expiration); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful]

- 4 -

detention is, of course, release).

For all these reasons, the Petition will be granted, and Petitioner will be ordered released from custody immediately.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to the due process claim in Count One. The remainder of the Petition is denied as moot.

**IT IS FURTHER ORDERED** Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his re-detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 27th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 5 -